# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD A. KALINOWSKI,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-cv-14-MJR** |
| | ) | |
| **ILLINOIS CENTRAL MANAGEMENT ,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kalinowski, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2) together with a civil action pursuant to 42 U.S.C. § 1983 (Doc. 1). However, Plaintiff Kalinowski has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

**IT IS HEREBY ORDERED** that Plaintiff Kalinowski shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff Kalinowski is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff Kalinowski's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff Kalinowski is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff Kalinowski is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467

(7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff Kalinowski fail to comply with this order, he will be dismissed from this case for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Also before the Court is Plaintiff Kalinowsi's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, it appears Plaintiff Kalinowksi has made no attempt to locate counsel to represent him in this matter. Accordingly, Plaintiff's motion for the appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**