# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD A. KALINOWSKI,** *et al.,* | )<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | )    **CIVIL NO. 08-cv-14-MJR** <br>) |
| **ILLINOIS CENTRAL MANAGEMENT ,** *et al.*, | )<br>)<br>) |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court *sua sponte*. This civil action purports to be brought by Plaintiffs Richard A. Kalinowski, Byron Hale, David Peterson, Charles Tannahill, Brian Vercolio, Wayne Zielinski, Jerry Smock, and Michael Cramer, each of whom appears to be incarcerated at the Big Muddy Correctional Center. Plaintiff Kalinowski, however, is the only Plaintiff to have signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Because Plaintiff Kalinowski is not a duly licensed attorney, he may not sign pleadings for the other prisoners. Additionally, neither Hale, Peterson, Tannahill, Vercolio Zielinski, Smock, nor Cramer have paid the filing fee or filed a motion to proceed *in forma pauperis*. Consequently, there is no real indication that Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock, and Cramer intend to join Kalinowski in pursuing to this litigation.

Furthermore, before going forward with this litigation, Plaintiff Kalinowski and each of the proposed Plaintiffs should be aware of the negative consequences of joining group litigation in the federal courts. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). These negative consequences include:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under FED.R.CIV.P. 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or fails to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether his claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

Because Plaintiff Kalinowski has signed the complaint and submitted a motion to proceed *in forma pauperis*, he will be required to "opt out" as a plaintiff in this action. Because Hale, Peterson, Tannahill, Vercolio, Zielinsi, Smock, and Cranmer have neither signed the original complaint nor submitted motions to proceed in forma pauperis, they will be required to "opt in" as plaintiffs in this action.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Kalinowski shall have **THIRTY (30) DAYS**, in which to advise the Court, in writing, whether he still wishes the Court to consider him a plaintiff in this group action. If, within that time period, Plaintiff Kalinowski advises the Court, in writing, that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee.

**IT IS FURTHER ORDERED** that if Plaintiff Kalinowski does not respond to this order by within thirty (30) days, he will be considered a plaintiff in this action.

**IT IS FURTHER ORDERED** that Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock,

and Cranmer shall have **THIRTY (30) DAYS** in which to advise the Court, in writing, whether each of them wishes the Court to consider him a plaintiff in this group action. If Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock, and Cranmer, wish to be considered a plaintiff in this group action then they must also: (1) sign a copy of the original complaint (Doc. 1) or an amended complaint; and (2) pay the full filing fee or submit a proper motion to proceed *in forma pauperis*. If, within thrity (30) days, Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock, or Cranmert does *not* submit both a signed copy of the complaint (or signed amended complaint) and the filing fee or proper motion to proceed *in forma pauperis,* then he shall *not* be a plaintiff in this action.

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2007.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**