# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD A. KALINOWSKI,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 08-cv-14-MJR** |
| ) | |
| **ILLINOIS CENTRAL MANAGEMENT,** *et* ) | |
| *al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for extension of time (Doc. 9) and a motion for reconsideration (Doc. 11) submitted by Plaintiff Kalinowski. Related to these motions is the failure of certain prisoners - alleged to be plaintiffs in this action - to comply with a prior Order (Doc. 7) entered by this Court.

**A. Procedural background**.

This civil action purports to be brought by Plaintiffs Richard A. Kalinowski, Byron Hale, David Peterson, Charles Tannahill, Brian Vercolio, Wayne Zielinski, Jerry Smock, and Michael Cramer, each of whom appears to be incarcerated at the Big Muddy Correctional Center. Plaintiff Kalinowski, however, was the only person to have signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure.

In a prior Order (Doc. 7), the Court noted that Plaintiff Kalinowski is not a duly licensed attorney and, therefore, may not sign pleadings for or on behalf of the other alleged plaintiffs. The Court also issued warnings about the negative consequences of joining group litigation in the federal

courts. *See, Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). As a result, the Court ordered Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock and Cramer to affirmatively "opt in" to this case by advising the Court, in writing, whether they wished to join with Kalinowski in this action. Additionally, if they chose to "opt in," then they were also required to (1) sign a copy of the original complaint or amended complaint; and (2) pay the full filing fee or submit a proper motion to proceed *in forma pauperis*. The alleged plaintiffs were warned that if they failed to comply with the Court's order in a timely fashion, then they would not be considered plaintiffs in this action.

**B. Discussion.**

**1. Motion for extension of time**.

To date, neither Hale, Peterson, Tannahill, Vercolio, Zielinski, Smock, or Cramer, have complied with this Court's prior Order (Doc. 7).[1] Plaintiff Kalinowski may not obtain additional time for these alleged plaintiffs to comply with the Order by filing a motion for such relief that contains only his signature. To hold otherwise would be to allow Plaintiff Kalinowski to engage in the unauthorized practice of law before this Court. Throughout his motions and other documents, Plaintiff Kalinowski notes the difficulties of complying with Court orders when there are multiple

---

[1]On March 31, 2008, the Court received a document (Doc. 8) apparently signed by Hale, Tannahill, Vercolio, Zielinski, Smock, and Cramer. Peterson's signature does not appear on this document. The document - prepared by fellow prisoner Richard Ambrose (who is **not** to be a party to this action) - states that there was an affidavit attached to the complaint signed by (at least) Hale, Tannahill, Verolio, Zielinski, Smock, and Cramer and that the same was to follow the last page of the complaint. No such affidavit appears in the Court's record. Furthermore, the complaint very clearly contains the signature of Richard Kalinowski on the last page of the complaint (numbered 39) - without any further affidavit from him. Everything after the last page of the complaint appears to be an exhibit to the complaint - most of which appears to consist of grievances filed by Ambrose or reports concerning Ambrose. Because Ambrose is not a plaintiff - or even an alleged plaintiff - in this case, the relevance of these exhibits to the instant action is unclear.

prisoner plaintiffs confined in a penal institution. Of course, such difficulties are inherent when prisoners attempt to engage in group litigation. As such, these are not a reason to excuse compliance with the Federal Rules of Civil Procedure or this Court's orders.

Indeed, at this early stage the Court senses that matters are getting out of hand. Prisoner Ambrose - who is not a party to this action - is, nevertheless, signing documents that are filed in this case. Plaintiff Kalinowski continues to seek relief from this Court on behalf of parties he does not have the authority to represent. More than thirty days have passed and the Court still does not have a complaint signed by all of the alleged plaintiffs in this case. Numerous exhibits that do not appear to relate to this case are attached to the complaint. This Court has an interest in the timely and efficient progress of litigation. That interest is threatened by this case and the haphazard manner in which it is being prosecuted.[2] Such troubles at this early stage does not bode well for an orderly and timely resolution of this case. The Court, however, does not intend to let this case spiral out of control. Instead, the Court will keep this case on track by insisting on compliance with the Federal Rules of Civil Procedure and the timely compliance with its orders.

Accordingly, it is **HEREBY ORDERED** that Plaintiff Kalinowski's motion for an extension of time (Doc. 9) is **DENIED**. It is **FURTHER ORDERED** that **HALE, PETERSON, TANNAHILL, VERCOLIO, ZIELINSKI, SMOCK,** and **CRAMER** are **STRUCK** as plaintiffs in this action for failing to sign the complaint and for failing to comply with this Court's prior order. Fed. R. Civ. P. 11(a) and 41(b).

**2. Motion to reconsider.**

---

[2]For example, the Court cannot even conduct a proper threshold review of this action as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A until it knows exactly who the plaintiffs are in this action.

Plaintiff Kalinowski seeks reconsideration of the Court's Order (Doc. 6) denying, without prejudice, his request for appointment of counsel. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If the motion is served after ten days of the district court's order, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Plaintiff's motion for appointment for counsel was denied on March 10, 2008, but the instant motion was not filed until April 25, 2008, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). In this case, the Court denied the motion for appointment of counsel because there was no showing that Plaintiff Kalinowski had attempted to obtain counsel on his own. In the instant motion, Kalinowski now states that he did contact several attorneys, but that they have refused to represent him.

As noted in the prior Order, however, a request to appoint counsel requires the Court to make two inquiries: (1) has the plaintiff made reasonable steps to obtain counsel and (2) given the difficulty of the case, does plaintiff appear to be competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The complaint asserts three claims (1) that the conditions at Big Muddy are punitive; (2) that plaintiff has been denied mental health services; and (3) that the

Illinois Sexually Dangerous Person Act violates due process of law. This case is still under threshold review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Based on the pleadings submitted by Plaintiff Kalinowski to date (both with and without the assistance of prisoner Ambrose), it appears - for now - that Plaintiff Kalinowski is competent to litigate the matter himself. Accordingly, the motion to reconsider (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 7th day of May, 2008.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**